IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

  v.

JIM ARNDT, ARNDT, INVESTMENTS, L.L.C.,
ALL JANE/JOHN DOE EMPLOYEES/OWNERS OF
ARNDT, INVESTMENTS, L.L.C.,
ANDREW P. BANKS, CHIEF DAVID MOORE,
DEPUTY CHIEF KLIESNER,
DEPUTY CHIEF SHERIDAN,
DEPUTY CHIEF PEARSON, OFC. MIKKELSON,
LT. BLAZER, SGT. WILLIAMSON,
SGT. DREW SEVERSON,
3RD SHIFT SGT. HOLFORD, OFC. REESE,
OFC. 3RD SHIFT JOHN DOE,
NUISANCE TEAM EMPLOYEES AWARE OF
CONFLICT BETWEEN BANKS AND PLAINTIFF,
ALL POLICE OFFICERS WHO ADVISED BANKS TO
CALL WHENEVER PLAINTIFF PERFORMS A YOU-
TUBE SHOW, CITY HALL HOUSING AUTHORITY
JANE / JOHN DOE(S), ANOTHER JANE / JOHN DOE
FEDERAL FRAUD STATE FRAUD AUDITOR OF
ARNDT INVESTMENTS BUSINESS
TRANSACTIONS AND EMPLOYEES
TRANSACTION(S),

                Defendants.

OPINION and ORDER

23-cv-465-jdp

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, has filed a complaint against his landlord, police officers, and government officials. Dkt. 1. He has also filed a series of documents supplementing his complaint. Dkt. 3; Dkt. 5; Dkt. 6. The court has allowed Stewart to proceed with this case without paying any portion of the filing fee. Dkt. 3.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks

for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court.

Stewart's complaint and various supplements total over 100 pages and most of his allegations are vague or unintelligible. He focuses his allegations on perceived misdeeds by his landlord, Jim Arndt, and Arndt's company, related to longstanding disputes that he has had with one of his neighbors filing false complaints against him that are acted upon by the Janesville Police Department. Stewart is proceeding on constitutional claims against police staff in other cases in this court, but I have repeatedly explained to him that he cannot bring claims for violations of his constitutional rights against private citizens such as his neighbors or Arndt, without showing that they are actively conspiring with the police to violate his rights. *See, e.g., Stewart v. Reese*, Case No. 23-cv-240-jdp, Dkt. 4 (W.D. Wis. June 29, 2023). Stewart's allegations here have the same problem, and I will not allow him to proceed on constitutional claims against Arndt or any of the other non-governmental defendants he names. He does not appear to be attempting to bring standalone claims against government officials, but even if he were I would dismiss them for being unintelligible.

Stewart also contends that Arndt has violated his rights by renting him an apartment without a formal lease and he suggests that his apartment doesn't meet United States Department of Housing and Urban Development (HUD) housing quality standards. But he fails to articulate how the lack of a lease violates any federal law. Also, HUD housing standards do not create enforceable rights to housing of a certain quality, *Barilani v. Hous. Auth. of City of*

*Eau Claire*, No. 21-cv-113-jdp, 2022 WL 392458, at *4 (W.D. Wis. Feb. 9, 2022), and the Constitution does not otherwise guarantee habitable dwellings or living conditions. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). Stewart might have claims under state housing law, but without a federal claim, this court cannot consider a case involving purely state-law claims given that Stewart alleges that both he and defendants are Wisconsin citizens.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Stewart could amend his complaint to state a claim for relief in federal court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered July 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge